**Eduardo ALVAREZ, Petitioner-Appellant,**

v.

**Fred FOULK, Warden, Respondent-Appellee.**

No. 15-17394

United States Court of Appeals, Ninth Circuit.

Submitted July 13, 2017 * San Francisco, California

Filed July 17, 2017

Mark Eibert, Esquire, Attorney, Half Moon Bay, CA, for Petitioner-Appellant

Eduardo Alvarez, Pro Se

Roni Dina Pomerantz, Deputy Attorney General, California Department of Justice, San Francisco, CA, for Respondent-Appellee

Before: GRABER and FRIEDLAND, Circuit Judges, and FOGEL,** District Judge.

MEMORANDUM ***

Eduardo Alvarez appeals the dismissal of his petition for habeas relief under 28 U.S.C. § 2254. We review de novo, *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc), and affirm.

Alvarez was granted a certificate of appealability on two questions: (1) whether the prosecutor's questions and argument at his trial unconstitutionally drew attention to Alvarez's decision to invoke his right to remain silent under *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); and (2) whether he is entitled to relief under a related claim for ineffective assistance of counsel.

1. The prosecutor's questions and closing argument were improper under *Doyle*. Even so, the district court correctly denied relief because the state court could reasonably have held that the prosecutor's conduct did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). To the extent that the prosecutor's questions called the jury's attention to Alvarez's post-arrest silence, they did so in the context of a broader, permissible argument based on Alvarez's delay in turning himself in and his failure to make any mitigating or exculpatory statements prior to his arrest. Taken as a whole, the evidence against Alvarez was also strong. *See id.* at 639, 113 S.Ct. 1710 (addressing a similar factual scenario); *see also Jenkins v. Anderson*, 447 U.S. 231, 240, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980).

2. We "need not determine whether counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even if it was, Alvarez cannot prevail because the California courts could reason-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Jeremy D. Fogel, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ably have concluded that there was no prejudice; the likelihood of a different result at trial was not substantial. *See Harrington v. Richter*, 562 U.S. 86, 105, 111-12, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.